**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

SEP 27 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREW SAWBOH, | No. 09-70916 |
| Petitioner, | |
| | Agency No. A088-884-453 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2013[**]
San Francisco, California

Before: SCHROEDER and BYBEE, Circuit Judges, and TIMLIN, Senior District Judge.[***]

Petitioner Andrew Sawboh petitions for review of the Board of Immigration

Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert J. Timlin, Senior District Judge for the U.S. District Court for the Central District of California, sitting by designation.

application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252(a)(1) and review for substantial evidence.  *See Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir. 2003).  As the BIA's holdings regarding country conditions are nearly identical to those of the IJ, "we treat the IJ's statement of reasons as the BIA's and review its decision."  *Sowe v. Mukasey*, 538 F.3d 1281, 1285 (9th Cir. 2008) (quoting *Gonzales v. INS*, 82 F.3d 903, 907 (9th Cir. 1996)).  We deny the petition for review.

Substantial evidence supports the BIA's denial of withholding of removal based on changed country conditions.  The IJ provided an individualized analysis of Sawboh's situation and rationally construed the country reports in the record, which stated that conditions have improved in Liberia since Charles Taylor's regime was no longer in power, and that persecution by the government on account of political opinion and ethnic group has greatly diminished, if not disappeared. *See Kumar v. INS*, 204 F.3d 931, 934 (9th Cir. 2000); *Kazlauskas v. INS*, 46 F.3d 902, 906 (9th Cir. 1995) (U.S. Department of State country reports are "the most appropriate and perhaps the best resource for information on political situations in foreign nations" (quoting *Rojas v. INS*, 937 F.2d 186, 190 n.1 (5th Cir. 1991))). Therefore, accepting Sawboh's factual contentions as true, substantial evidence

supports the IJ's conclusion that changed country conditions indicate that Sawboh

no longer has a well-founded fear of future persecution in Liberia. *See id.*

The IJ's finding of changed country conditions also supports the denial of

Sawboh's CAT claim. *See El Himri v. Ashcroft*, 378 F.3d 932, 938 (9th Cir. 2004)

(finding no CAT eligibility where most of the government violence against

stateless Palestinians had ended).

PETITION FOR REVIEW DENIED.